IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD J., | * |
| Plaintiff, | * |
| vs. | *   Civil Action No. ADC-20-0745 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * |
| Defendant. | * |

## MEMORANDUM OPINION

On March 19, 2020 Edward J. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 16, 17), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED.

### PROCEDURAL HISTORY

On November 1, 2016, Plaintiff filed a Title II application for DIB, alleging disability beginning on October 1, 2016. ECF No. 13 at 24. On January 23, 2017, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on October 1, 2016. *Id.* His claims were denied initially and upon reconsideration on March 21, 2017, and July 7, 2017, respectively. *Id.* On July

---

[1] Currently, Andrew Saul serves as the Commission of the Social Security Administration.

1

25, 2017, Plaintiff filed a written request for a hearing and, on September 13, 2018, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On December 19, 2018, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")] from October 1, 2016, through the date of this decision." *Id.* at 37. Thereafter, Plaintiff filed an appeal, and on January 30, 2020, the Appeals Council affirmed the decision of the ALJ, which became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On March 19, 2020, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On December 10, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on February 8, 2021. Plaintiff filed a response on February 22, 2021.[2] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld,

---

[2] On March 19, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2

even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. "[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and/or SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ preliminarily found that Plaintiff met the insured status requirements of Title II of the Act through September 30, 2021. ECF No. 13 at 27. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in

substantial gainful activity since October 1, 2016." *Id.* At step two, the ALJ found that Plaintiff had severe impairments of "moderate persistent asthma/chronic obstructive pulmonary disease (COPD)/emphysema; hallux valgus of the left foot; and bony deformity at the medial arch of the right foot." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app'x 1. *Id.* at 29. The ALJ then determined that Plaintiff had the RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) expect he can occasionally climb ramps and stairs, and occasionally climb ladders, ropes, and scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can have occasional exposure to extreme cold, extreme heat, and wetness or humidity. He can have occasional exposure to irritants such as fumes, odors, dusts, gases, poorly ventilated areas, and chemicals.

*Id.* at 30. The ALJ then determined at step four that Plaintiff was unable to perform any past relevant work. *Id.* at 35. Finally, at step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 36. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in [the Act], from October 1, 2016, through the date of this decision." *Id.* at 37.

## DISCUSSION

Plaintiff raises one main allegation of error on appeal; that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly conduct the "special technique" thus infecting the RFC determination. ECF No. 16-1 at 8. Defendant contends that the ALJ followed the applicable rules and regulations and that substantial evidence supports the decision. The Court agrees with Defendant.

**A. The ALJ's Decision is Supported by Substantial Evidence.**

7

As a preliminary matter, Plaintiff appears to raise various arguments within the claim that the ALJ's decision is not supported by substantial evidence. Plaintiff asserts: (1) the ALJ improperly relied on the consultative psychological examiner's use of the word "fair" in determining Plaintiff's mental limitations; (2) the ALJ committed a material error by failing to re-contact the consultative examiner to clarify her findings; and (3) that the ALJ's RFC analysis did not comply with SSR 96-8p. ECF No. 16-1 at 9-10, 12, 13. The Court finds that none of these arguments have merit but will address each in relation to the substantial evidence argument.

First, at step-two of the sequential analysis, the ALJ makes "a threshold determination of whether a [plaintiff] is suffering from a severe impairment or a combination of impairments." *Lewis v. Comm'r of Soc. Sec.*, SAG-15-84, 2015 WL 5905276, at *2 (D.Md. Oct. 6, 2015) (citing *Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987)). "If a [plaintiff] is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step." *Id.* (citing 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)). When a plaintiff makes a "threshold showing that other disorders constituted severe impairments" and "the ALJ continued with the sequential evaluation process," an ALJ's failure to find an additional impairment nonsevere is harmless. *Davis v. Comm'r, Soc. Sec. Admin.*, SAG-12-813, 2013 WL 1124589, at *1 (D.Md. Mar. 18, 2013).

Here, the ALJ determined that Plaintiff suffered from the following severe impairments: "moderate persistent asthma/chronic obstructive pulmonary disease (COPD)/emphysema; hallux valgus of the left foot; and bony deformity at the medial arch of the right foot." ECF No. 13 at 27. The ALJ also explained that the medical record contained evidence of additional physical impairments as well as the "medically determinable mental impairment of adjustment disorder" but determined that these impairments were non-severe. *Id.* Along with reasons discussed *infra*,

the ALJ did not commit reversible error by categorizing Plaintiff's adjustment disorder as nonsevere because the ALJ found Plaintiff suffered from other severe impairments.

Next, at step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app'x 1. Relevant here are Listings 12.00 *et seq.* which pertain to mental impairments. 20 C.F.R. pt. 404, subpt. P, app'x 1, 12.00. "Each [L]isting therein, consists of: (1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053, at *2 (D.Md. Nov. 6, 2015) (citing 20 C.F.R. pt. 404, subpt. P, app'x 1, 12.00(A)). If the paragraph A and paragraph B criteria are satisfied, the ALJ will find that the claimant meets the listed impairment. *Id.*

Paragraph B provides the functional criteria assessed by the ALJ and the four broad mental functional areas which consist of a plaintiff's ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b). The ALJ employs a "special technique" to rate the degree of a claimant's functional limitations in these areas. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). The ALJ is required to document, in writing, how the "special technique" was applied in evaluation an individual claimant. *Id.* Specifically, an ALJ's written decision "must incorporate the pertinent findings and conclusions based on the technique" and "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id.* § 404.1520a(e)(2).

The ALJ's evaluation must determine "the extent to which [the claimant's] impairment(s) interferes with [the] ability to function independently, appropriately, effectively, and on a sustained basis" and must include a specific finding as to the degree of limitation in each of the four functional areas. 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ uses a five-point scale to rate a claimant's degree of limitation: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b).

The ALJ properly completed this step by addressing all four functional areas. ECF No. 13 at 27-28. The ALJ explained that when evaluating the "paragraph B" criteria, he determined that the impairment caused Plaintiff only mild limitations in each of the four categories of mental functioning. *Id.* at 28. Therefore, the ALJ classified Plaintiff's medically determinable impairment of adjustment disorder as nonsevere. *Id.* at 27.

a. The ALJ's interpretation of the word "fair" constitutes harmless error.

Plaintiff contends in part, that the ALJ's decision is unsupported by substantial evidence because the ALJ erred by concluding at step-two that Plaintiff had only a mild limitation in the four areas of mental functioning. ECF No. 16-1 at 10. Plaintiff argues that this error is based on "the ALJ's complete and utter failure to recognize that the meaning of the term 'fair' is well established in the Social Security Regulations." *Id.* Therefore, "the ALJ's entire mental special technique analysis was not supported with substantial evidence, warranting remand." ECF No. 18 at 4. The Court finds this argument is without merit.

Plaintiff challenges the ALJ's reliance on the consultative psychological examination performed in May 2016 by Dr. Adamitis. Throughout the step-two analysis, the ALJ cites to this

examination which repeatedly used the term "fair" to describe Plaintiff's ability in various areas of mental functioning. ECF No. 13 at 29. ("[Plaintiff] had fair ability to reason, fair understanding and memory, fair sustained concentration and persistence, fair social interaction skills, and fair ability to adapt"). Plaintiff argues that the ALJ's conclusion is unsupported by substantial evidence because the ALJ stated that "[i]ndications of 'fair' ability do not translate into particular degrees of limitation" and that the statements "are of limited probative value." *Id.* Plaintiff contrasts the ALJ's statement with the language from the regulations defining moderate limitations, "[a claimant's] functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. pt. 404, subpt. P, app'x 1, 12.00, F.

The Court agrees the ALJ erred in concluding that "indications of fair ability do not translate into particular degrees of limitation." However, this error is harmless. An ALJ's evaluation of a plaintiff's mental impairment warrants remand when the ALJ's decision does not explain how they weighed all relevant evidence, fails to rate the plaintiff's four areas of functional limitation, and lacks an explanation of how the ALJ reached their conclusions about the severity of the mental impairment. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662-663 (4th Cir. 2017). Here, the ALJ's decision contains all three of these criteria.

In accordance with the "special technique", the ALJ appropriately rated Plaintiff's four areas of functional limitation, finding that Plaintiff had no more than mild limitations in any of the four categories. ECF No. 13 at 28. Further, the ALJ explained how he weighed the relevant evidence, including assigning partial weight to Dr. Adamitis' consultative psychological examination. *Id.* at 29. The ALJ explained that "the indication of 'mild' limitations in some areas is reasonably consistent with the examination findings and considers the [Plaintiff's] subjective complaints, while also considering the overall lack of mental health treatment." *Id.*

When analyzing the paragraph B criteria, the ALJ addressed Plaintiff's own statements in conjunction with his reported activities of daily living and his mental examination findings generally. *Id.* at 27-28. The ALJ highlighted various inconsistencies between Plaintiff's own statements and the consultative psychological examination. For example, in the area of understanding, remembering, or applying information, the ALJ explained:

> In this area, the [Plaintiff] has a mild limitation. In pre-hearing function reports, the [Plaintiff] indicated he was "ok" or "good" at following written and spoken instructions though he once stated he needed "some help." He did not report problems with understanding or memory. At a consultative psychological examination in May 201[6], he reported struggling with memory and had difficulty recalling objects after a delay, but he was able to recall object immediately and follow a 3-step command.

ECF No. 13 at 27. (record cites omitted). Regarding interacting with others, the ALJ noted that in Plaintiff's pre-hearing function reports, he indicated he had no problem getting along or spending time with others. *Id.* at 28. However, in the consultative psychological examination, Plaintiff reported preferring one-on-one interaction, not liking crowds, and not participating in social groups, despite Plaintiff's claims of going to church regularly. *Id.* The ALJ proceeded through this same type of detailed discussion for the third and fourth functional areas. *Id.*

As such, the ALJ properly considered the record as a whole when determining Plaintiff's mental limitation and adequately explained his determinations. 20 C.F.R. pt. 404, Subpt. P, App'x 1, §12.00F(3)(a). Therefore, the Court reject's Plaintiff's argument that the ALJ's misinterpretation of the word "fair" warrants remand because the ALJ's determination of Plaintiff's mild limitation is supported by substantial evidence.

  b. <u>The ALJ did not err by failing to contact Dr. Adamitis.</u>

12

Plaintiff also argues that that the ALJ committed a major error by failing to re-contact the consultative examiner. ECF No. 16-1 at 14. Plaintiff asserts that the ALJ was required to do so because Dr. Adamitis' report "was the only in-depth mental health evaluation contained in Plaintiff's entire medical record" *Id.* Defendant maintains that the ALJ did not err because an ALJ is only required to re-contact a consultative examination provider only if the report is "inadequate or complete." ECF No. 17-1 at 7. The Court agrees with Defendant.

It is well established that an ALJ "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.Va.1986). The main consideration is "whether the record contained sufficient medical evidence for the ALJ to make an informed decision" about Plaintiff's impairment. *Lehman v. Astrue*, 931 F.Supp.2d 682, 693 (D.Md 2013) (internal citations omitted). However, this requirement does not impose an obligation on the ALJ to "function as the claimant's substitute counsel." *Id.* (internal citations omitted). Remand is appropriate "only if the record is so deficient as to preclude the ALJ from making an educated decision as to the extent and effects of plaintiff's disability." *Id. see also* 20 C.F.R. §§ 404.1519p, 416.919p.

Here, the record was not deficient. Though there was only one mental health examination, the ALJ was provided with enough evidence beyond the consultative report to make his determination. As the ALJ noted, there is no evidence of treatment with a mental health professional but cited to the psychiatric examination findings from other treatment providers. ECF No. 13 at 28. Therefore, the ALJ was under no duty to re-contact Dr. Adamitis and thus did not commit a material error by failing to do so.

c. The ALJ properly determined Plaintiff's RFC under SSR 96-8p.

Finally, Plaintiff contends that the ALJ erred by failing to comply with the directives under SSR 96-8p, infecting the entire RFC determination. ECF No. 16-1 at 10. Specifically, that the ALJ was required to "conduct a more detailed assessment when determining Plaintiff's residual functional capacity." *Id.* Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. In part, the Ruling provides that the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe."

Courts have remanded on this basis when an ALJ finds at step two, a plaintiff has at least a moderate limitation in any of the four areas but fails to consider the limitation in their RFC determination. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir.2015) (remanding for the ALJ's failure to consider plaintiff's diagnosis of adjustment disorder and moderate difficulty in maintaining her concentration, persistence, or pace), *Monroe v. Colvin*, 826 F.3d 176 (4th Cir.2016) (same), *Brocato v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-2540, 2017 WL 3084382, at *3 (D. Md. July 19, 2017) (same). Here, the ALJ determined that Plaintiff had only a mild limitation in all four functional areas. ECF No. 13 at 27-28.

Even if the ALJ erred by failing to include Plaintiff's adjustment disorder in the RFC, such error would be harmless. A plaintiff must show that remand due to an ALJ's error would result in a finding of disability. *Johnson v. Saul*, 446 F.Supp.3d 29, 39 (W.D.N.C. 2020) (internal citation omitted). Plaintiff contends that had the ALJ interpreted the term "fair" differently, then Plaintiff's adjustment disorder would be considered "moderate." ECF No. 18 at 4. As explained, this argument is without merit. The ALJ properly considered all relevant evidence, including Plaintiff's own statements in conjunction with his reported activities of daily living and Plaintiff's mental examination findings generally. ECF No. 13 at 27-28. Plaintiff is unable to

14

argue that the ALJ's analysis of the four areas of mental functioning is deficient and that remand would constitute a finding of disability.

Accordingly, the ALJ's RFC analysis and decision is supported by substantial evidence and remand is not warranted.

## CONCLUSION

In summation, the Court finds that the ALJ properly found that Plaintiff was "not disabled" within the meaning of the Act from October 1, 2016, through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 1 April 2021

A. David Copperthite
United States Magistrate Judge